19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry SMITH, Plaintiff-Appellant,
v.
Merrill L. ELKINS, Chairman; Quincy Choy Foo, Chairperson;
George Perreira, Chairperson; Kelly Knowles, Chairperson;
Woolsey Rice, Chairperson; Sgt. J. Cullen, Chairperson, Aco
William Pa'aga, Aco Brian Lee, Defendants-Appellees.
 No. 93-15185.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided March 2, 1994.
 
 Before: WRIGHT, REAVLEY,* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Smith is a Muslim prisoner. The prison disciplined him for praying aloud in a foreign language, in violation of prison Rule 46. He sued under 42 U.S.C. Sec. 1983, alleging a violation of his constitutional rights to free exercise of religion and due process. The district court entered summary judgment for the prison. We reversed and held that Rule 46 did not apply to prayer. We remanded the case to determine the issue of qualified immunity. After remand, the prison replaced Rule 46 with Rule 63, which clearly proscribes praying aloud in a foreign language. The district court entered summary judgment for the prison, finding Smith's claim for injunctive relief under the old rule moot because the new rule was constitutional. Smith appeals. We affirm in part and remand in part.
 
 
 3
 1. Qualified immunity.
 
 
 4
 We review de novo the district court's finding of qualified immunity. Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992).
 
 
 5
 Following this court's lead in Smith I, the district court held that a reasonable guard could have concluded that Smith was not praying but rather communicating with his fellow inmate. It reasoned that because Smith was speaking in a language not understood by the prison officials, there was no way they could have known whether he was speaking or praying. It also noted that neither Smith nor the other inmate told the officers they were praying.
 
 
 6
 Smith argues that the prison officials should have known he was praying because they knew he was a Muslim and had been a sincere believer for several years. He says the prison was on notice that he was a practicing Muslim who prayed five times daily, at designated intervals.
 
 
 7
 He misses the point. Mere knowledge that Smith was a practicing Muslim does not mean that prison officials were able to understand Arabic. We agree with the district court's reasoning and affirm on the issue of qualified immunity.
 
 
 8
 2. Rule 63.
 
 
 9
 After remand, the prison replaced Rule 46 with Rule 63. It reads in part:
 
 
 10
 Inmates shall make no utterance capable of being heard by any other inmate, staff member, visitor, or other person except in the English language.
 
 
 11
 * * *
 
 
 12
 Inmates shall not be allowed to receive, and shall not possess any written materials which are not written in the English language. Requests for an exception to any part of this rule may be made in writing to the unit manager, who has sole discretion to approve/disapprove in part, or to refuse to grant an exception. Any exception or refusal to grant an exception to this rule shall be made in writing.
 
 
 13
 The district court held that Smith's claim seeking injunctive relief against Rule 46 was moot because the prison had replaced that rule with Rule 63. More important, the court found Rule 63 constitutional because it was reasonably related to a legitimate penological interest. See Turner v. Safley, 482 U.S. 78, 89-90 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987).
 
 
 14
 After the district court entered judgment for the prison officials, Congress passed the Religious Freedom Restoration Act of 1993, Pub.L. No. 103-141, 107 Stat. 1488 (1993).[1] Under the Act, the government cannot "substantially burden a person's exercise of religion even if it results from a rule of general applicability," unless it:
 
 
 15
 (1) is in furtherance of a compelling governmental interest; and
 
 
 16
 (2) is the least restrictive means of furthering that compelling governmental interest.
 
 
 17
 Id. at Sec. 3. The Act defines government as a "branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, a State, or a subdivision of a State." Id. at Sec. 5(1).
 
 
 18
 Congress clearly intended to apply the Act retroactively. Id. at Sec. 6; see also Estate of Reynolds v. Martin, 985 F.2d 470, 472 (9th Cir.1993) ("where congressional intent is clear as to a statute's retroactive or prospective application, that intent governs"). It is also clear that the Act applies to prisoners' claims. The purpose of the Act was "to restore the compelling interest test ... in all cases where free exercise of religion is substantially burdened." Pub.L. No. 103-141 Sec. 2(b)(1) (emphasis added).[2]
 
 
 19
 The Act restores the traditional protection afforded to prisoners' claims prior to Taylor and O'Lone. In light of this, the district court's finding that Rule 63 is constitutional is no longer valid. Although we requested and received supplemental briefing on the impact of the Act, we decline to rule on the constitutionality of Rule 63. Not only is there a new standard, but the factual findings necessary to support Rule 63 may be significantly different than those argued below.
 
 
 20
 We remand to the district court to determine whether Rule 63 is valid under the Religious Freedom Restoration Act. In making this determination, the court should consider: 1) whether Rule 63 has an applicable exception provision;[3] and 2) whether Rule 63 prevents Smith from praying quietly in his cell.[4]
 
 
 21
 AFFIRMED in part, REMANDED in part.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Act became law on November 16, 1993
 
 
 [2]
 Application of the Act to prisoners' claim was widely debated by Congress. See S.Rep. No. 111, 103rd Cong., 1st Sess. Secs. V(d) and XI (1993); H.R.Rep. No. 88, 103rd Cong., 1st Sess. (1993); Cong.Rec. S14350-68 (daily ed. October 26, 1993); and Cong.Rec. S14461-71 (daily ed. October 27, 1993). An amendment to exclude prisons was rejected. Id. at S14468
 
 
 [3]
 Rule 46 had an exception provision. The prison argues that when Rule 63 replaced Rule 46, the exception from Rule 46 remained in effect. We do not reach the merits of this argument or whether the exception would apply to Smith. We note that Rule 63 has its own exception provision in paragraph four. It is unclear whether the provision applies solely to paragraph four, or the entire rule
 
 
 [4]
 Rule 63 prevents Smith from making any "utterance capable of being heard by any ... staff member ... except in the English language." Smith argues that this prevents him from praying quietly in his cell because staff persons can hear his prayers over the prison intercom. It is unclear from the record if the prison enforces Rule 63 in such a manner. In its brief and at oral argument, the prison said that Rule 63 allows inmates to speak a foreign language in a low, audible voice in their cell